IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Upset Sale Conducted          :
September 16, 2021 by the Tax Claim  :
Bureau of Delaware County, Pa for    :
7030 Clinton Road, Upper Darby       :
Township, Pa, Folio Number           :
16-02-00423-00 Victor Kanyagui and   :
Bubu Banini                          :
                                     :
           v.                        :
                                     :
Tax Claim Bureau of Delaware County  :
and State Street Associates          :
                                     :
Appeal of: Victor Kanyagui and       :  No. 117 C.D. 2024
Bubu Banini                          :  Submitted: March 4, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: March 27, 2025


           Victor Kanyagui (Kanyagui) and Bubu Banini (Banini) (collectively, Appellants) appeal from the Delaware County (County) Common Pleas Court's (trial court) January 11, 2024 order (entered January 18, 2024) denying their Petition to Set Aside the September 16, 2021 Tax Claim Sale and to Rescind the February 9, 2022 Upset Sale Tax Claim Deed (Petition). Appellants present one issue for this Court's review: whether the trial court erred and/or abused its discretion by ruling that the County Tax Claim Bureau (Bureau) made adequate reasonable efforts to locate Appellants to give them proper advance notice about the then-impending September 16, 2021 upset tax sale (Tax Sale) of their real property located at 7030

Clinton Road, Upper Darby Township, Delaware County, Pennsylvania (Property). After review, this Court affirms.

On August 18, 2006, Banini acquired title to the Property. On September 24, 2012, Banini conveyed the Property's title to Appellants. The address on the September 24, 2012 Deed was Appellants' mailing address, 50 Guion Place, Apartment 6B, New Rochelle, New York 10801 (NY address). In 2013, Appellants relocated from the NY Address to the Property and, on June 13, 2013, issued a mail forwarding order to the United States Postal Service (USPS), which expired on June 13, 2014. In June 2016, Appellants relocated to 8205 Rexford Road, Henrico, Virginia 23229 (VA Address), which mailing address they maintained until April 2021. In April 2021, Appellants relocated to 25 White Street, New Haven, Connecticut 06519 (CT Address), which is their current mailing address.

On September 16, 2021, pursuant to Section 601 of the Real Estate Tax Sale Law (RETSL),[1] due to outstanding County and school district taxes for the 2019 tax year, the Bureau exposed the Property to an upset tax sale. State Street Associates (Purchaser) successfully bid on the Property at the Tax Sale. On February 9, 2022, the Bureau conveyed the Property's title to Purchaser. On March 8, 2023, Appellants filed the Petition. The trial court held a hearing on September 12, 2023. By January 11, 2024 order (entered January 18, 2024), the trial court denied the Petition. Appellants timely appealed to this Court.[2]

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.601.

[2] "'This [C]ourt's review of a trial court's order in a tax sale matter is limited to determining whether the trial court erred as a matter of law, rendered a decision that is unsupported by the evidence, or abused its discretion.' *City of Phila. v. Auguste*, 138 A.3d 697, 700 (Pa. Cmwlth. 2016)." *City of Phila. v. Rivera*, 171 A.3d 1, 4 n.7 (Pa. Cmwlth. 2017).

> "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion," but instead requires demonstration that the lower court's decision was "a result of manifest unreasonableness, or partiality, prejudice, bias,

Appellants argue that the trial court erred and/or abused its discretion by ruling that the Bureau made adequate reasonable efforts to locate Appellants to give them proper advance notice of the Tax Sale of their Property. The Bureau rejoins that it properly mailed Notice of the Tax Sale (Notice) by certified mail, restricted delivery, with return receipt requested to the NY Address. The Bureau further retorts that upon failure to receive the signed return receipt, the Bureau searched its own records, the Recorder of Deeds' records, the Office of Judicial Support's records, utilized an internet search platform called True People, and attempted to call Appellants. The Bureau maintains that it engaged in reasonable efforts and conducted ordinary common sense business practices to locate Appellants' whereabouts; however, the Bureau's searches did not identify any new addresses for them. Rather, the Bureau declares that the searches confirmed that the address the Bureau had on record matched that of the County Board of Assessment's records, i.e., the NY Address.

Initially, Section 607.1 of the RETSL[3] mandates:

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, . . . and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, **the [B]ureau must exercise reasonable efforts to discover the whereabouts of such**

---

or ill-will, or such lack of support from the evidence or the record so as to be clearly erroneous." *Polett v. Pub*[.] [*Commc'ns*]*, Inc.*, . . . 126 A.3d 895, 914 ([Pa.] 2015) (internal quotation marks and alteration designations omitted).

*Bayview Loan Servicing LLC v. Wicker*, 206 A.3d 474, 482 (Pa. 2019).
[3] Added by Section 30 of the Act of July 3, 1986, P.L. 351.

3

**person or entity and notify him**. **The [B]ureau's efforts shall include**, but not necessarily be restricted to, **a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices**, **recorder of deeds office and prothonotary's office**, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. **When such reasonable efforts have been exhausted**, regardless of whether or not the notification efforts have been successful, **a notation shall be placed in the property file describing the efforts made and the results thereof**, and the property may be rescheduled for sale or the sale may be confirmed as provided in th[e RETSL].

(b) The notification efforts required by subsection (a) shall be in addition to any other notice requirements imposed by th[e RETSL].

72 P.S. § 5860.607a (emphasis added). This Court has held that "[i]t matters not that the reasonable effort may not have borne fruit. An effort must still be undertaken." *Clemmer v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 417, 422 (Pa. Cmwlth. 2017).

Here, the Bureau's upset tax sale coordinator, Janine Heinlein (Heinlein), testified that she mailed a copy of the Notice to the Appellants at the "[m]ailing address . . . [the] Bureau and Board of Assessment had on record[, ] 50 Guin Place, apartment 6B, New Rochelle [NY Address]." Reproduced Record (R.R.) at 162a. Heinlein further related that she took the Notice to the USPS on July 13, 2021, sent it "certified restricted delivery[,] . . . return receipt requested[,] . . . and [n]o mail was returned" to the Bureau. R.R. at 163a.

Concerning *reasonable efforts*, Heinlein described that she is responsible for filling out the upset tax sale contact sheet. *See id*. Specifically, Heinlein stated:

Q. . . . . Please tell the [trial c]ourt what that page represents.

4

A. This is our upset [tax] sale contact sheet we use in our office for any documentation regarding communication searches done for any property that is subject to the upset tax sale.

Q. And is this the sheet that is required by the statute [(Section 607.1 of the RETSL)] of the notations that must be made before the [upset tax] sale can proceed?

A. Yes.

Q. Okay. So, does this sheet, . . . represent the entirety of all the efforts or the notations made about the efforts that were made by the . . . Bureau to try to contact these individuals?

A. It's documented for the phone numbers that we try to search by via [sic] **True People**, **memo**, and BC, B/C, excuse me, is **Blue Card** when we've done our phone number searches.

Q. Okay. And in this case the notation Business [sic] Signal, what does that reflect?

A. That is reflected on August 25, 2021, at 10:49. T.S. meaning Tara Stree tried calling the phone numbers documented and she received a busy signal.

. . . .

Q. Okay. Am I correct that there is no notation of any internet search to find the addresses of these parties?

A. Internet search was done by True People.

R.R. at 160a (emphasis added); *see also* R.R. at 94a (upset tax sale contact sheet).

Heinlein expounded:

Q. And can you explain again what **True People** is?

A. True People is a Google search. We go on Google [and] type in True People, it will give a mailing address, phone numbers, email address if on record.

Q. Why did you run a True People search?

5

A. We run a True People search or phone number searches for all properties that are subject to the upset tax sale.

Q. Do you conduct these searches yourself or does Tara [Stree] or other clerks assist you with these?

A. It's completed by the whole office for the phone number searches.

Q. And it is an internet-based program?

A. Yes.

R.R. at 163a (emphasis added).

Heinlein further explained:

Q. And what exactly is the **Blue Card**?

A. That's if the homeowner had any prior agreements with our office, we would have it documented on the Blue Card along with a prior agreement signed by the homeowner.

Q. So, the Blue Card is a search of the . . . Bureau's own records, is it not?

A. Yes, it is.

Q. And do you yourself do this search or do you oversee the employees doing this search?

A. [O]versee. I do jump in when I can. Most of the time I'm busy with the tax sale notices.

Q. And what does the check indicate[?]

A. Meaning that it was done.

Q. And if there was a, I'll call it a hit or a new address found on the Blue Card, that would've been documented somewhere?

A. Yes.

Q. And the fact that this sheet does not have any notation indicates that there was no address, is that correct?

A. That's correct.

6

R.R. at 163a-164a (emphasis added).

Heinlein described:

Q. And what is the **memo**?

A. Memo is what we call [] notes in our system. Anytime when this upset tax sale sheet is not available and we have communication with the homeowner, we will document it in our memo system along with a phone number.

Q. Is memo a physical file or is it a part of the computer software?

A. It's part of the computer software.

Q. And does the check indicate that that was searched in the computer system?

A. Yes.

Q. And that there was no information in the memo or in the computer system that would've led the tax review [sic] to believe that they had a better address, is that correct?

A. That's correct.

Q. Again, because that would've been noted in the comments?

A. Yes.

R.R. at 164a (emphasis added).

Heinlein further related:

Q. And I believe you just indicated that you searched **the recorder o[f] deed**'s records, is that correct?

A. That is correct.

. . . .

Q. So moving, moving to the last page . . . , what is this document?

A. This is showing address [sic] that was last on record matches the deed and it's the address of the above-name[d] grantee is [the NY Address].

Q. So, . . . [a]fter this deed was recorded, this address was used for official record purposes with the Board of Assessment, is that correct?

A. That is correct.

. . . .

Q. And in looking at this deed, and this handwritten address, . . . did that make you believe that you confirmed the address of record?

A. Yes.

*Id.* (emphasis added); *see also* R.R. at 131a-137a (Deed).

Heinlein further attested:

Q. Did you also take a look at the **prothonotary records** or [c]ourt records?

A. Yes.

. . . .

Q. And what did you find?

A. I find I found [sic] a case from 2019 filed by Upper Darby Township municipal lien for [s]ewer and [w]aste.

Q. And what was the date that it was filed?

A. October 9th, 2019.

Q. So[,] approximately two years before the upset tax sale?

A. Yes.

Q. And is there an address of record given?

A. Yes.

Q. And is that the same address that the . . . Bureau used?

8

A. Yes.

Q. So, this is now the second time that you confirmed that address?

A. Correct.

R.R. at 165a (emphasis added); *see also* R.R. at 138a.

Finally, Heinlein confirmed:

Q. So, after doing the research, looking at the recorder deeds [sic], looking at prothonotary or the judicial search, and taking a look at the . . . Bureau's own files, both the handwritten Blue Card and the online system or computer system, do you believe you confirmed the proper address?

A. Yes.

*Id*.

Contrary to Appellants' assertions, [this Court] conclude[s] that the Bureau undertook reasonable notification efforts to discover Appellants' whereabouts as required by Section 607.1 of the [RETSL]. [Upon failure to receive the signed return receipt], the Bureau searched its internal records as well as the records of the assessment office, office of deeds and wills, the prothonotary's office, and the local tax collector.[4] The Bureau also searched [True People]. . . . [These efforts confirmed that the address the Bureau had on file was correct.] These efforts were reasonable and satisfy the requirements of Section 607.1 of the [RETSL].

*Famageltto v. Cnty. of Erie Tax Claim Bureau*, 133 A.3d 337, 344-45 (Pa. Cmwlth. 2016) (internal record citations omitted). Accordingly, the trial court did not err and/or abuse its discretion by ruling that the Bureau made adequate reasonable efforts to locate Appellants to give them proper advance notice about the then-impending September 16, 2021 tax claim sale of their Property.

---

[4] *See* R.R. at 139a-140a.

9

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Upset Sale Conducted      :
September 16, 2021 by the Tax Claim  :
Bureau of Delaware County, Pa for   :
7030 Clinton Road, Upper Darby    :
Township, Pa, Folio Number       :
16-02-00423-00 Victor Kanyagui and :
Bubu Banini                     :
                                :
        v.                  :
                                :
Tax Claim Bureau of Delaware County :
and State Street Associates      :
                                :
Appeal of: Victor Kanyagui and    :   No. 117 C.D. 2024
Bubu Banini                     :

## O R D E R

AND NOW, this 27th day of March, 2025, the Delaware County Common Pleas Court's January 11, 2024 order (entered January 18, 2024) is affirmed.

_____
ANNE E. COVEY, Judge